KEREN E. GESUND, ESQ.
Cal. Bar No. 253242
**GESUND & PAILET, LLC**
3421 N. Causeway Blvd
Suite 805
Metairie, LA 70002
Tel: (702) 300-1180
Fax: (504) 265-9492
keren@gp-nola.com
*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELLIOT BASSICK, an individual, on behalf of himself and those similarly situated;<br><br>Plaintiffs,<br><br>vs.<br><br>TRUEACCORD CORP., a Delaware corporation,<br>Defendant. | Case No.:<br><br>**CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**<br><br>**JURY DEMANDED** |

## COMPLAINT

Plaintiff, ELLIOT BASSICK (hereinafter referred to as "PLAINTIFF"), on behalf of himself and all those similarly situated, by and through undersigned counsel, alleges upon knowledge as to himself and his own acts, and upon information and belief as to all other matters, and brings this complaint against Defendant, TRUEACCORD CORP. (hereinafter referred to as "DEFENDANT") and in support thereof alleges the following:

## PRELIMINARY STATEMENT

1. PLAINTIFF brings this action for actual and statutory damages arising from DEFENDANT's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq* ("FDCPA") and the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code § 1788 *et seq*. ("RFDCPA").

**JURISDICTION AND VENUE**

2. The Court has jurisdiction over this action pursuant to 15 U.S.C. § 1692k(d). The Court has supplemental jurisdiction for the state law claims pursuant to 28 U.S.C. § 1367.

3. Venue is proper pursuant to 28 U.S.C. § 1391(b)(1) because DEFENDANT resides in the Northern District of California.

**PARTIES**

4. PLAINTIFF is a natural person residing in San Francisco, California.

5. PLAINTIFF is a "consumer" as defined in the FDCPA at 15 U.S.C. § 1692a(3).

6. PLAINTIFF allegedly owes a (past due) consumer "debt" as defined by 15 U.S.C. § 1692a(5).

7. DEFENDANT is incorporated in Delaware, the principal purpose of whose business is the collection of debts, with a principal place of business at 153 Maiden Lane, San Francisco, California, 94108.

8. PLAINTIFF is informed and believes, and thereon alleges, that DEFENDANT regularly collects or attempts to collect consumer debts owed or due or asserted to be owed or due another and that DEFENDANT is a "debt collector" as defined by 15 U.S.C. § 1692a(6) and §1788.2(c).

**STATEMENT OF FACTS**

9. PLAINTIFF repeats, re-alleges, and incorporates by reference, paragraphs 1 through 8 inclusive, above.

10. On or about December 16, 2016, DEFENDANT sent an initial collection letter to Mr. Bassick via email in an attempt to collect an alleged debt owed to StubHub, attached hereto as **Exhibit 1**.

11. On or about December 17, 2016, PLAINTIFF replied to the email explaining that he had been unaware he owed the debt and disputing the amount of the debt, a true and correct copy of which is attached as **Exhibit 2**.

12. On or about December 19, 2016, without providing validation or verification of the debt, DEFENDANT responded it does not provide settlement offers and continued collections, writing "I'd like you to get started on a payment plan today, even if you can't start making payments right away," a true and correct copy of which is attached as **Exhibit 3**.

13. The December 19, 2016 email provided a link for PLAINTIFF to set up a payment plan. *Id.*

14. PLAINTIFF clicked the link in the December 19, 2016 email to view the terms of DEFENDANT's payment plan, but never agreed to the terms.

15. Nevertheless, on or about December 22, 2016, DEFENDANT emailed PLAINTIFF regarding an alleged "payment plan [they] discussed," a true and correct copy of which is attached as **Exhibit 4**.

16. DEFENDANT's e-mail goes on to say "[y]ou told us you would be ready to start settling your balance of $414.00 with StubHub in the next few weeks – that's great!" *Id.*

17. PLAINTIFF never spoke to anyone at DEFENDANT nor made such representations.

18. On or about December 26, 2016, DEFENDANT sent another email to PLAINTIFF again misrepresenting that "[l]ast we spoke you indicated you would be ready to start resolving this sometime in the next few weeks.," a true and correct copy of which is attached as **Exhibit 5**.

19. On or about December 29, 2016, PLAINTIFF again disputed the debt to DEFENDANT, requesting DEFENDANT "[p]lease validate this 'debt' with complete supporting documentation," a true and correct copy of which is attached as **Exhibit 6**.

20. On or about January 3, 2017, without having verified the debt, DEFENDANT continued trying to collect the disputed debt, writing "you can't get rid of us that easily," and that the "sooner we can determine a solution, the faster we can come to a resolution, and, eventually, relieve you of your financial burden," a true and correct copy of which is attached as **Exhibit 7**.

21. It was not until the next day, on or about January 4, 2017, that DEFENDANT recognized the dispute explaining that "I am going to file a dispute for you now. We will be reaching out to you soon once we receive more information from StubHub," and that "[w]e're working to process your dispute. No action is required at this time" true and correct copies of which are attached as **Exhibits 8 and 9**.

## CLASS ACTION ALLEGATIONS

22. PLAINTIFF repeats, re-alleges, and incorporates by reference, paragraphs 1 through 21 inclusive, above.

23. PLAINTIFF brings this claim individually and on behalf of all others similarly situated for the purpose of asserting the claim alleged in this Complaint on a common basis. PLAINTIFF's proposed class is defined under Federal Rules of Civil Procedure ("Fed. R. Civ. P.") 23(b)(3), and PLAINTIFF proposes to act as representative of the following classes:

    a. Class One: a California class consisting of consumers who:

        i. Within one year prior to the filing of this action;

        ii. Disputed a debt with DEFENDANT;

        iii. Where DEFENDANT continued to attempt to collect the debt before mailing the consumer verification of the debt.

    b. Class Two: a California class consisting of consumers who:

        iv. Within one year prior to the filing of this action;

        v. Received a collection communication from DEFENDANT;

      vi. Which purported that the consumer had entered into a settlement agreement with DEFENDANT;

      vii. Where the consumer did not enter into a settlement agreement with DEFENDANT.

24. PLAINTIFF does not know the exact size or identities of the classes, as DEFENDANT maintains exclusive control of such information. Because the communications appear to be automated, PLAINTIFF believes that the classes each include between 10,000 and 20,000 individuals whose identities can be readily determined from DEFENDANT's business records. Therefore, the proposed classes are so numerous that joinder of all members is impracticable.

25. All class members have been affected by the same conduct. The common questions of law and fact predominate over any questions affecting only individual members of the class. These questions include, but are not limited to:

    a. Whether DEFENDANT's communications violated 15 U.S.C. § 1692g(b) by neglecting to cease communication after receipt of a dispute and before mailing verification of the debt to the consumer;

    b. Whether DEFENDANT's communications violated 15 U.S.C. § 1692e by wrongfully stating that the consumer had entered into a settlement agreement with DEFENDANT;

    c. The identities of individuals who received substantially similar communications from DEFENDANT which violated the above subsections; and

    d. The total number of communications that DEFENDANT made to consumers which violated the above subsections.

26. PLAINTIFF's claims are typical of the claims of the classes and do not conflict with the interests of any other class members. PLAINTIFF and the members of the classes were uniformly subjected to the same conduct.

27. Upon information and belief, DEFENDANT has a policy and practice of communicating with consumers after receipt of a dispute and before mailing verification of the debt.

28. Upon information and belief, DEFENDANT has a policy and practice of misrepresenting that the consumer had entered into a settlement agreement with DEFENDANT.

29. PLAINTIFF will fairly and adequately represent the class members' interests and has retained counsel who are qualified to pursue this litigation. PLAINTIFF's counsel's firm, GESUND & PAILET, LLC, focuses on prosecuting FDCPA lawsuits. PLAINTIFF's counsel, Keren E. Gesund, also has extensive experience in prosecuting FDCPA class actions.

30. PLAINTIFF is committed to vigorously pursuing his claims.

31. A class action is superior for the fair and efficient adjudication of the class members' claims as Congress specifically envisioned class actions as a principal means of enforcing the FDCPA. *See* 15 U.S.C. § 1692k. The members of the classes are generally unsophisticated consumers, whose rights will not be vindicated in the absence of a class action. Prosecution of separate actions by individual members of the classes would also create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards and would not be in the best interest of judicial economy.

32. A class action regarding the issues in this case does not create any problems of manageability.

33. If facts are discovered to be appropriate, PLAINTIFF will seek to certify the class under Rule 23(b)(3) of the Federal Rules of Civil Procedure.

## FIRST CLAIM FOR RELIEF

### VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692g(b) and RFDCPA CAL. CIV. CODE § 1788.17 BROUGHT BY PLAINTIFF INDIVIDUALLY AND ON BEHALF OF CLASS ONE

34. PLAINTIFF repeats, re-alleges, and incorporates by reference, paragraphs 1 through 33 inclusive, above.

35. DEFENDANT has established an electronic procedure of issuing automated form emails prompted by information provided by the consumer.

36. Pursuant to §1788.17 of the RFDCPA, "every debt collector collecting or attempting to collect a consumer debt shall comply with the provision of Sections 1692b to 1692j, inclusive, of, and shall be subject to the remedies in Section 1692k of, Title 15 of the United States Code."

37. According to the FDCPA:

> If the consumer notifies the debt collector in writing within the thirty-day period described in subsection (a) that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or a copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector.

15 U.S.C. § 1692g(b).

38. On or about December 16, 2016, DEFENDANT sent an initial collection letter to Mr. Bassick via email in an attempt to collect an alleged debt owed to StubHub. Ex. 1.

39. On or about December 17, 2016, PLAINTIFF replied to the email explaining that he had been unaware he owed the debt and disputing the amount of the debt. Ex. 2.

40. On or about December 19, 2016, DEFENDANT, without verifying or validating the debt, explained it does not provide settlement offers and continued collections, writing "I'd

like you to get started on a payment plan today, even if you can't start making payments right away." Ex. 3.

41. The December 19, 2016 email provided a link for PLAINTIFF to set up a payment plan. *Id.*

42. DEFENDANT's response indicated that it continued to attempt to collect the debt before mailing verification of the debt to PLAINTIFF.

43. By neglecting to cease communication with PLAINTIFF after receipt of a dispute and before mailing verification, DEFENDANT violated 15 U.S.C. § 1692g(b).

44. On or about December 29, 2016, PLAINTIFF again disputed the debt to DEFENDANT, requesting DEFENDANT "[p]lease validate this 'debt' with complete supporting documentation." Ex. 6.

45. On or about January 3, 2017, without having verified the debt, DEFENDANT continued trying to collect the disputed debt, writing "you can't get rid of us that easily," and that the "sooner we can determine a solution, the faster we can come to a resolution, and, eventually, relieve you of your financial burden." Ex. 7.

46. It was not until the next day, on or about January 4, 2017, that DEFENDANT recognized the dispute explaining that "I am going to file a dispute for you now.  We will be reaching out to you soon once we receive more information from StubHub." Ex. 8 and 9.

47. By continuing to attempt to collect from PLAINTIFF via the January 3, 2017 e-mail, DEFENDANT again violated 15 U.S.C. § 1692g(b).

48. By violating 15 U.S.C. § 1692g(b), DEFENDANT also violated § 1788.17.

49. As a result of the FDCPA violations by DEFENDANT, PLAINTIFF is entitled to an award of statutory damages.

50. It has been necessary for PLAINTIFF to obtain the services of an attorney to pursue this claim, on behalf of himself and those similarly situated, and is entitled to recover reasonable attorneys' fees therefor.

## SECOND CLAIM FOR RELIEF

### VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692e and RFDCPA CAL. CIV. CODE § 1788.17 BROUGHT BY PLAINTIFF INDIVIDUALLY AND ON BEHALF OF CLASS TWO

51. PLAINTIFF repeats, re-alleges, and incorporates by reference, paragraphs 1 through 50 inclusive, above.

52. "A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e.

53. Pursuant to §1788.17 of the RFDCPA, "every debt collector collecting or attempting to collect a consumer debt shall comply with the provision of Sections 1692b to 1692j, inclusive, of, and shall be subject to the remedies in Section 1692k of, Title 15 of the United States Code."

54. On or about December 16, 2016, DEFENDANT sent an initial collection letter to Mr. Bassick via email in an attempt to collect an alleged debt owed to StubHub. Ex. 1.

55. On or about December 17, 2016, PLAINTIFF replied to the email explaining that he had been unaware he owed the debt and disputing the amount of the debt. Ex. 2.

56. On or about December 19, 2016, DEFENDANT explained it does not provide settlement offers and continued collections, writing "I'd like you to get started on a payment plan today, even if you can't start making payments right away." Ex. 3.

57. The December 19, 2016 email provided a link for PLAINTIFF to set up a payment plan. *Id.*

58. PLAINTIFF clicked the link in the December 19, 2016 email to view the terms of DEFENDANT's payment plan, but never agreed to the terms.

59. Nevertheless, on or about December 22, 2016, DEFENDANT emailed PLAINTIFF regarding an alleged "payment plan [they] discussed." Ex. 4.

60. DEFENDANT's e-mail goes on to say "[y]ou told us you would be ready to start settling your balance of $414.00 with StubHub in the next few weeks – that's great!" *Id.*

61. PLAINTIFF never spoke to anyone at DEFENDANT nor made such representations.

62. On or about December 26, 2016, DEFENDANT sent another email to PLAINTIFF again misrepresenting that "[l]ast we spoke you indicated you would be ready to start resolving this sometime in the next few weeks." Ex. 5.

63. By misrepresenting that PLAINTIFF was "ready to start settling [his] balance," misrepresenting that they had discussed a payment plan, and misrepresenting that PLAINTIFF had agreed to settle the balance in the "next few weeks," DEFENDANT attempted to coerce PLAINTIFF into paying the disputed debt in violation of 15 U.S.C. § 1692e.

64. By violating 15 U.S.C. § 1692e, DEFENDANT also violated § 1788.17.

65. As a result of the FDCPA violations by DEFENDANT, PLAINTIFF is entitled to an award of statutory damages.

66. It has been necessary for PLAINTIFF to obtain the services of an attorney to pursue this claim, on behalf of himself and those similarly situated, and is entitled to recover reasonable attorneys' fees therefor.

**DEMAND FOR JURY TRIAL**

67. Please take notice that PLAINTIFF demands trial by jury in this action.

**PRAYER FOR RELIEF**

WHEREFORE, PLAINTIFF respectfully prays that this Court grant the following relief in PLAINTIFF's favor, and on behalf of the class, and that judgment be entered against DEFENDANT for the following:

(1) For actual damages incurred by PLAINTIFF pursuant to 15 U.S.C. § 1692k(a)(1) and §1788.30(a);

(2) For statutory damages awarded to PLAINTIFF, not to exceed $1000, pursuant to 15 U.S.C. § 1692k(a)(2)(A) and §1788.30(b);

(3) For statutory damages awarded to the Class Members, pursuant to 15 U.S.C. § 1692k(a)(2)(B), of the amount not to exceed the lesser of $500,000 or 1 per centum (1%) of the net worth of the DEFENDANT;

(4) For disgorgement of all of Defendant's revenues obtained through use of the automated communications at issue;

(5) For reasonable attorneys' fees for all services performed by counsel in connection with the prosecution of these claims;

(6) For reimbursement for all costs and expenses incurred in connection with the prosecution of these claims; and

(7) For any and all other relief this Court may deem appropriate.

DATED this 14th day of February 2017.

**GESUND & PAILET, LLC**

*Keren E. Gesund, Esq.*
KEREN E. GESUND, ESQ.
Cal. Bar No. 253242
**GESUND & PAILET, LLC**
keren@gp-nola.com
*Attorneys for Plaintiffs*